UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ILYA KOVALCHUK, | ) | |
|---|---|---|
| | ) | Case No. 1:22-cv-154 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| CITY OF DECHERD, TENNESSEE and | ) | |
| MATHEW WARD, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**ORDER**

Before the Court is the Clerk's entry of default (Doc. 33) and Plaintiff's motion for default judgment as to Mathew Ward (Doc. 28). For the following reasons, the motion for default judgment (Doc. 28) is **DENIED WITH LEAVE TO REFILE**.

Plaintiff's motion for default judgment states that he requests default "pursuant to Ruse [sic] 55(b)(1) of the Federal Rules of Civil Procedure," and "[i]n support of this request, Plaintiff, through counsel, relies upon the record in this case and the affidavit submitted herein." (Doc. 28, at 1.) As a threshold matter, Plaintiff's counsel did not attach an affidavit to the motion for default judgment, so it is unclear what he means by "the affidavit submitted herein." (*See id.*) Plaintiff's counsel submitted an affidavit in support of Plaintiff's application for the Clerk's entry of default; however, Federal Rule of Civil Procedure 55(b)(1) requires plaintiffs to submit "an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1); (Doc. 27-1.) The affidavit Plaintiff's counsel submitted in support of the application for the Clerk's entry of default does not state any amount due. (Doc. 27-1.) A form affidavit in support of a motion for

default judgment is available on the Court's website:

https://www.tned.uscourts.gov/sites/tned/files/def_judgment_affidavit_motion.pdf.

Additionally, a motion for default judgment made pursuant to Rule 55(b)(1), that is, a motion for the *clerk's* entry of default judgment, must be "for a sum certain or a sum that can be made certain by computation . . . ." Fed. R. Civ. P. 55(b). "A claim for damages under Rule 55(b)(1) 'is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.'" *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-CV-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021) (quoting *Highway Com. Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 4115512, at *2 (S.D. Ohio Aug. 28, 2008). Therefore, for a default judgment motion under Rule 55(b)(1) to be successful, the affidavit must set forth information to support a finding that there is no doubt as to the amount the defaulted defendant owes the plaintiff. If Plaintiff cannot show that his claim is for a sum certain, he must move for entry of default judgment by the Court. *Id.* at (b)(2). In that case, the Court will set and conduct a hearing to conduct an accounting, determine the amounts of damages, establish the truth of any allegation by evidence, or investigate other matters as necessary to resolve the claim. *Id.* at (b)(2)(A)–(D).

The complaint in this case alleges that defaulted Defendant Mathew Ward, then a police officer for the City of Decherd Police Department, pulled Plaintiff over and held him at gunpoint while not on duty. (Doc. 1-1, at 3–4.) Plaintiff brings claims against Ward for use of excessive force and false arrest under 42 U.S.C. § 1983, as wells as tort claims for assault, intentional infliction of emotional distress, and false imprisonment. The Court maintains serious doubts that Plaintiff will be able to meet his burden to show that the damages he seeks against Ward for these claims are a "sum certain" under Rule 55(b)(1). In *Mwani v. Bin Ladin*, 244 F.R.D. 20, 23

(D.D.C. 2007), the court held that the plaintiffs could not obtain default judgment under Rule 55(b)(1) and an evidentiary hearing pursuant to Rule 55(b)(2) was necessary because "Plaintiffs request damages to compensate for the loss of human life, serious bodily injury, emotional distress, business losses, and personal injury claims—none of which evoke a sum certain or definite amount." Here, Plaintiff alleges he "suffered severe emotional damage and mental anguish as a result of this unlawful arrest" and requests $2,500,000 in compensatory damages and $1,000,000 in punitive damages for that injury. (Doc. 1-1, at 4, 19.) Even when a plaintiff has "requested a precise damages award, a litigant 'cannot satisfy the certainty requirement simply by requesting a specific amount.'" *AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 48 (D. Minn. 2017) (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2683 (4th ed. Sept. 2016 update)). Further, compensation for "emotional damage and mental anguish," does not imply a sum certain or definite amount, and "[t]he amount of punitive damages Plaintiff is entitled to, if any, 'is not settled, determined, or capable of calculation from the pleadings' as punitive damages may only be determined by the trier of fact." *Hosn v. Fly Baghdad Airline*, No. 20-13442, 2021 WL 7085169, at *3 (E.D. Mich. Sept. 28, 2021), *report and recommendation adopted*, No. 20-CV-13442, 2022 WL 260817 (E.D. Mich. Jan. 26, 2022) (citations omitted). Unless Plaintiff, in an affidavit in support of his motion for default judgment, requests an amount that is somehow "settled, determined, or capable of calculation from the pleadings," he will be unable to obtain default judgment under Rule 55(b)(1). If Plaintiff cannot carry his burden to show the requested damages are a sum certain, he must move for default judgment under Rule 55(b)(2).

For these reasons, Plaintiff's motion for default judgment (Doc. 28) is **DENIED WITH LEAVE TO REFILE**. Plaintiff is also hereby put **ON NOTICE** that if he does not file a

3
Case 1:22-cv-00154-TRM-SKL   Document 34   Filed 12/05/22   Page 3 of 4   PageID #: 124

renewed motion for default judgment by **December 21, 2022**, his claims against Ward will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **SO ORDERED.**

                                        /s/ *Travis R. McDonough*
                                        **TRAVIS R. MCDONOUGH**
                                        **UNITED STATES DISTRICT JUDGE**