UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ILYA KOVALCHUK, | ) | |
|---|---|---|
| | ) | Case No. 1:22-cv-154 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| MATHEW WARD, in his individual capacity, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Ilya Kovalchuk's motion for default judgment against Defendant Mathew Ward (Doc. 37). The Court **GRANTS** the motion (*id.*) and **AWARDS** Kovalchuk $1,000,000.00 in compensatory damages.

### I. BACKGROUND

Plaintiff Ilya Kovalchuk's injuries center around an incident that occurred on June 13, 2021. (Doc. 1-1, at 1.) Kovalchuk was driving on Interstate-24 in Rutherford County, Tennessee. (*Id.* at 3.) At the same time, Defendant Mathew Ward was also driving on Interstate-24 in the same vicinity as Kovalchuk. (*Id.* at 3.) At the times relevant to the complaint, Ward was employed as a police officer by the City of Decherd. (*Id.*) Ward began to drive erratically behind and next to Kovalchuk and directed him to pull over, but Ward was not on duty at the time and not in a police vehicle. (*Id.* at 3–4.) Kovalchuk testified before the Court that he was driving within the speed limit and observing all applicable traffic laws at the time. Nonetheless, Kovalchuk pulled over and exited his vehicle. (*Id.* at 4.) At this point, Ward yelled at Kovalchuk to get on the ground, pointed his gun at Kovalchuk, and held up his City Police

Department badge.  (*Id.*)  Kovalchuk, at gunpoint, pleaded with Ward to put the gun down because Ward was not on duty and outside his jurisdiction.  (*Id.*)  Ward screamed back at Kovalchuk that he was "always on duty."  (*Id.*)  Ward was later arrested for the incident and charged him with aggravated assault.  (*Id.*)

Kovalchuk initiated the present action on June 13, 2022.  (Doc. 1.)  Based on the allegations in his complaint, Kovalchuk asserted claims against Ward, in his individual and official capacities, for:  (1) use of excessive force in violation of his Fourth and Eighth Amendment rights, pursuant to 42 U.S.C. § 1983; (2) false arrest in violation of his Fourth and Eighth Amendment rights, pursuant to 42 U.S.C. § 1983; (3) assault, pursuant to Tennessee state law; (4) intentional infliction of emotional distress, pursuant to Tennessee state law; and (5) false imprisonment, pursuant to Tennessee state law.  (Doc. 1-1, at 6–14.)  Kovalchuk also asserted claims against the City of Decherd, but the Court granted the City's motion to dismiss as to all claims against it.  (Doc. 35.)  As a result of the Court's requirement that parties meet and confer prior to the filing of a motion to dismiss, Kovalchuk also stipulated to dismiss his Eighth Amendment claim and all claims against Ward in his official capacity.  (Docs. 12–13.)

Ward was served with process but never filed an answer or otherwise responded to the complaint.  (Doc. 21).  Kovalchuk filed an application for Clerk's entry of default on October 7, 2022 (Doc. 27).  The Clerk entered default against Ward on November 28, 2022 (Doc. 33).

## II. STANDARD OF LAW

Applications for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure.  Following the Clerk's entry of default pursuant to Rule 55(a) and the plaintiff's application for default judgment under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding damages must be proven.  *Vesligaj v.*

*Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). The party seeking default judgment bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011).

### III. ANALYSIS

Taking the allegations in the complaint as true as they pertain to Ward, the Court **ACCEPTS** Kovalchuk's allegations and **FINDS** that Ward violated Kovalchuk's Fourth Amendment rights, pursuant to 42 U.S.C. § 1983, and committed assault, intentional infliction of emotional distress, and false imprisonment in violation of Tennessee law. Consequently, the Court will **GRANT** Kovalchuk's motion for default judgment (Doc. 37) and **ADJUDGE** that Ward is liable for the violations of § 1983 and state tort law that Kovalchuk alleged. The only issue remaining for the Court's resolution is the amount of damages. Kovalchuk seeks compensatory damages.

The Supreme Court has held that "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts[, and] damages in tort cases are designed to provide '*compensation* for the injury caused to plaintiff by defendant's breach of duty.'" *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986) (internal citations omitted) (quoting *Carey v. Piphus*, 435 U.S. 247 (1978) (emphasis in original)). "To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as . . . [']mental anguish and suffering.'" *Id.* (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974); *Carey,* 435 U.S. at 264 (mental and emotional distress constitute compensable injury in § 1983 cases).

Kovalchuk credibly testified and offered sufficient proof for the Court to determine the reasonable value of necessary mental-health treatment, lost wages, lost income, and emotional distress. Based on his credible testimony, the Court awards Kovalchuk $35,000.00 for the cost past and future mental-health treatment, $6,000.00 for his costs, including travel, associated with obtaining such treatment, $800 in lost wages immediately following the incident, and $10,000 in otherwise lost income for the year following the incident. Additionally, the Court awards Kovalchuk $948,200.00 for emotional distress and mental anguish, based on the credible testimony presented to the Court.

IV. CONCLUSION

For these reasons, the Court **AWARDS** Kovalchuk at total of $1,000,000.00 in compensatory damages for Ward's wrongdoing.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**